IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**JOSEPH A. PANACCI**,

        Plaintiff,

        v.                                       **Civil Action No. 5:12-CV-125**
                                                                  Judge Bailey

**MOUNTAIN STATE CARBON, LLC**, and
**SEVERSTAL NORTH AMERICA,
INCORPORATED**,

        Defendants.

## ORDER GRANTING JUDGMENT ON THE PLEADINGS

Pending before this Court is Defendants' Motion for Judgment on the Pleadings (Doc. 19), filed February 5, 2013. The Motion has been fully briefed and is ripe for decision.

In their Motion, the defendants seek an order granting judgment on the pleadings and dismissal of this civil action pursuant to Federal Rule of Civil Procedure 12(c), which provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."

A motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standard as a motion made pursuant to Rule 12(b)(6). *Mayfield v. Nat'l. Ass'n. for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 375 (4th Cir. 2012). While a plaintiff's allegations must be accepted as true, "to survive a motion for judgment on the pleadings, the complaint must contain sufficient facts to raise a right to relief above the speculative

1

level." **Brooker v. Peterson Cos.**, 412 Fed.Appx. 615, 616 (4th Cir. 2011) (quotations and citations omitted).  A plaintiff's complaint "must be dismissed if it does not allege enough facts to state a claim for relief that is plausible on its face." **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008) (quotations and citations omitted).  Stated otherwise, a plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 555 (2007).

On December 7, 2007, the plaintiff was employed by Wheeling Pittsburgh Steel Corporation as an oven patcher at the Follansbee coke plant.  On that day, the plaintiff suffered an injury at work.

On December 4, 2009, the plaintiff filed suit against Severstal Wheeling, Inc., as successor to Wheeling Pittsburgh Steel Corporation, asserting claims for "deliberate intention" and for workers compensation discrimination.  **Panacci v. Severstal Wheeling, Inc.**, Brooke County Circuit Court Civil Action No. 09-C-232 (Doc. 19-1).

On April 20, 2012, the plaintiff settled his personal injury action with R.G. Steel Wheeling, LLC, f/k/a Severstal Wheeling, Inc., for the sum of $200,000.  Unfortunately, before any of the settlement funds were paid to the plaintiff, R.G. Steel Wheeling, LLC filed bankruptcy under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

On July 17, 2012, the plaintiff filed the instant action in the Circuit Court of Ohio County, West Virginia.  On August 16, 2012, the defendants removed the action to this Court.  (Doc. 1).

In his Complaint in this case (Doc. 1-1), the plaintiff asserts that inasmuch as the plaintiff worked and was injured at the Follansbee coke plant, which was operated as a joint venture between R.G. Steel, LLC and Severstal North American Incorporated known as Mountain State Carbon, LLC, the two defendants in this case are jointly and severally liable for the settlement with R.G. Steel, LLC, citing **Armor v. Lantz**, 207 W.Va. 627, 535 S.E.2d 737 (2000) and W.Va. Code § 47B-3-6(a).

In their Motion, the defendants argue that (1) the defendants in this case were not parties to the personal injury action or the settlement; (2) the Complaint fails to allege a joint venture with R.G. Steel; and (3) the Complaint fails to state a claim upon which relief may be granted (Docs. 19 & 20).

In his response to the Motion, the plaintiff "concedes that Delaware law applies regarding the liability of a limited liability company and its members. Members of a Delaware limited liability company are not governed by partnership or joint venture principles and are not obligated for the contractual liabilities of the limited liability company," citing Del. Code Ann. Tit. 6, § 18-303(a) and **Leber v. Universal Music & Video Dist., Inc.**, 225 F.Supp.2d 928, 937 (S.D. Ill. 2002), *aff'd,* 332 F.3d 452 (7th Cir.), *cert. denied*, 540 U.S. 1074 (2003).

The responsive memorandum then offers other theories for a potential recover, but, inexplicably, the plaintiff does not request leave to amend his Complaint to plead those theories.[1]

---

[1] The plaintiff, in his Memorandum, does request leave to amend to correct a misnomer - changing the name of defendant Severstal North America, Incorporated to SNA Carbon, LLC. This leave will be **GRANTED**.

The alternate theory espoused by the plaintiff in his Memorandum (Doc. 25) is that 6 Del. Code § 303(b) provides that "[n]otwithstanding the provisions of subsection (a) of this section, under a limited liability company agreement or under another agreement, a member or manager may agree to be obligated personally for any or all of the debts, obligations and liabilities of the limited liability company."

The flaw in this argument is that the liability relevant to this case is the liability of a member, R.G. Steel Wheeling, LLC, and not the liability of the limited liability company. Accordingly, this statute has no application.

The plaintiff also argues that 6 Del. Code § 18-402 provides that:

Unless otherwise provided in a limited liability company agreement, the management of a limited liability company shall be vested in its members in proportion to the then current percentage or other interest of members in the profits of the limited liability company owned by all of the members, the decision of members owning more than 50 percent of the said percentage or other interest in the profits controlling; provided however, that if a limited liability company agreement provides for the management, in whole or in part, of a limited liability company by a manager, the management of the limited liability company, to the extent so provided, shall be vested in the manager who shall be chosen in the manner provided in the limited liability company agreement.  The manager shall also hold the offices and have the responsibilities accorded to the manager by or in the manner provided in a limited liability company agreement. Subject to § 18-602 of this title, a manager shall cease to be a manager as provided in a limited liability

4

company agreement. A limited liability company may have more than 1 manager. Unless otherwise provided in a limited liability company agreement, each member and manager has the authority to bind the limited liability company.

6 Del. Code § 18-402.

The plaintiff focuses on the last sentence of the above statute, noting that each member of the limited liability company may have the authority to bind the limited liability company.

In this case, there is absolutely no indication that such occurred. The settlement agreement was between the plaintiff and R.G. Steel Wheeling, LLC. Even if all the members of the limited liability company approved the settlement, it is clear from its face that the settlement is only with R.G. Steel Wheeling, LLC.

Accordingly, this Court finds not only does the Complaint fail to state a claim upon which relief may be granted, but also that the alternative arguments offered in the Plaintiff's Memorandum in Response to Defendants' Motion for Judgment on the Pleadings fail to state a claim.

For the reasons stated above, the plaintiff's motion for leave to amend to correct a misnomer as contained in his responsive memorandum is **GRANTED**, and Defendants' Motion for Judgment on the Pleadings **(Doc. 19)** is **GRANTED**. Accordingly, this case is **DISMISSED** and **ORDERED STRICKEN** from the active docket of this Court. As such, the Clerk is **DIRECTED** to enter a separate judgment in favor of the defendants.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** March 21, 2013.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE